UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

THOMAS BLAKLEY,                        )
                                       )
          Plaintiff,                   )          Civil Action No. 6: 07-436-DCR
                                       )
V.                                     )
                                       )
MICHAEL J. ASTRUE,                     )          **MEMORANDUM OPINION**
Commissioner of Social Security,       )              **AND ORDER**
                                       )
          Defendant.                   )

                    ***   ***   ***   ***

     Julie Atkins, counsel for Plaintiff Thomas Blakley, has filed a motion for attorney fees

under the Equal Access to Justice Act (EAJA). [Record No. 16] Atkins seeks payment in the

total amount of $11,867.08 for 24.9 hours of work performed before this Court and 43.1 hours

for representation of Blakley before the United States Court of Appeals for the Sixth Circuit.

Defendant Michael Astrue,  Commissioner of Social Security, does not contest the legitimacy

of the work performed by Atkins on behalf of Blakley.  However, he does object to the hourly

rate upon which Atkins' claim for compensation is based.  More specifically, the Commissioner

contends that an hourly rate exceeding $125 is excessive under the facts presented.  [Record No.

17] Having reviewed the materials and authorities submitted by the parties, the Court agrees with

the position taken by the Commissioner.  Accordingly, the fee requested by Atkins will be

reduced to $8,500.00.[1]

---

[1]  In addition to attorney fees, the Court will also award filing fees in the sum of $805.00.

-1-

**I.**

Initially, Blakley's counsel requests fees of $11,867.08, based on a rate of $125.00 per hour plus increasing cost-of-living adjustments (COLAs) for work performed from 2007 through 2009.[2]  Using an original base rate in 1996 of $125.00 per hour, Atkins calculates the adjusted hourly rates for 2007, 2008, and 2009 as $170.06, $173.98, and $184.07, respectively. Alternatively, Atkins asks for an award of $10,655.00, based on an hourly rate of $125.00 for work performed before this Court and $175.00 per hour for work performed before the Sixth Circuit.

In support of the fee request, Atkins has submitted an affidavit outlining her experience in social security litigation.  The affidavit further provides that Atkins' hourly rate for such representation is $125.00 per hour, plus COLAs, and that she routinely receives $125.00 per hour as fees in the Eastern District of Kentucky and higher fees in other jurisdictions.  Atkins cites *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009) (district court did not abuse discretion in finding evidence of the consumer price index insufficient to justify fees in excess of statutory rate), and *Begley v. Secretary of Health and Human Services*,  966 F.2d 196, 200 (6th Cir. 1992) (recognizing that district court has discretion to award fees in excess of statutory rate), in support of her initial claim for fees exceeding $125.00 per hour.  She also cites *Hall v. Commissioner of Social Security*, U.S. Dist. Ct., E.D. Ky., Southern Div. at

---

[2]  The COLAs utilized by the Plaintiff's counsel are published at http://www.socialsecurity.gov/cola/facts, and reflect the annual cost of living adjustment upon which the Commissioner bases adjustments to the benefits rates.

Pikeville, No. 7: 03-84-DLB (Memo Op., Jan. 9, 2006), in support of her alternative fee request seeking a higher rate for work performed before the Sixth Circuit.

In opposing the hourly rate requested by Atkins, the Commissioner notes that the fee request wholly fails to provide proof that the prevailing market rate in the Eastern District of Kentucky would justify a rate in excess of $125.00 for work performed before this Court or on appeal. The Commissioner further contends that Atkins has failed to meet her burden of demonstrating that her requested fee is in line with prevailing market rates for comparable legal services in the same community and that there is no justification for awarding a higher hourly rate for appellate work.

## II.

The EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). In particular, the Act provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

With respect to establishing reasonable attorney's fees, the EAJA provides that:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The EAJA establishes a ceiling for attorneys' fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor."  *See e.g., Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545 (6th Cir. 1986) (noting that the statutory ceiling under the EAJA was $75 per hour).[3]

As the Commissioner has correctly noted, in determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  In determining the market rate, courts are required to examine standard fees in the *relevant* community.  *Id.* at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *overruled, in part, on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).

The undersigned recently concluded that the prevailing market rate for competent representation in social security cases in the Eastern District of Kentucky should be increased from $100.00 to 125.00 per hour.  *See Bowlin v. Astrue, Comm. of Soc. Sec.*, U.S. Dist. Ct., E.D.Ky., Southern Div. at London, No. 6: 09-02-DCR (Memo. Op., Aug. 27, 2009); and *Rosenthiel v. Astrue, Comm. of Soc. Sec.*, U.S. Dist. Ct., E.D. Ky., Northern Div. at Covington,

---

[3]  In 1996, Section 2412(d)(2)(A) was amended to provide that statutory cap on attorney's fees under the EAJA is $125 per hour.  *See e.g., Caremore, Inc. v. N.L.R.B.*, 150 F.3d 628 (6th Cir. 1998).

No. 2: 08-231-DCR (Memo. Op., Sept. 22, 2009).[4]  In determining whether an additional increase is warranted, the Court rejects Atkins' contention that COLA statistics should be substituted for proof of the prevailing market rate.  Instead, the Court finds that Atkins has failed to meet her burden that the rates requested are in line with prevailing rates in the community for services provided by lawyers of reasonably comparable skill, experience and reputation.  *See Blum*, *supra.* at 895-96, n.11; *Hudson, supra,* at 1208, and *Coulter v. State of Tennessee,* 805 F.2d 146, 149 (6th Cir. 1986).

The undersigned also rejects Atkins' contention that a higher hourly rate should be awarded for work performed before the Sixth Circuit.  As the Commissioner correctly asserts, it is irrelevant whether the hours claimed are for district or appellate work.  The level of competency does not change with the filing of a Notice of Appeal.  Instead, the relevant inquiry is the prevailing market rate in the locality of the lawsuit (*i.e.*, the Eastern District of Kentucky). And while the Court in *Hall v. Commissioner of Social Security*, U.S. Dist. Ct., E.D. Ky., Southern Div. at Pikeville, No. 7: 03-84-DLB (Memo Op., January  9, 2006), awarded higher appellate fees, the Commissioner did not file objections to the fee request.  Thus, the issue was not litigated by the parties.  In any event, *Hall* does not constitute binding precedent and the undersigned respectfully disagrees with the assessment that the appeal of a denial of social security benefits requires an additional level of skill and sophistication.

---

[4] In *Barnhill v. Astrue, Comm. of Soc. Sec.*, U.S. Dist. Ct., E.D. Ky., Southern Div. at London, No. 6: 08-248-DCR, Blakley's counsel asserted the prevailing market rate for attorney fees in social security cases was $125.00 per hour.  On August 17, 2009, the Court held a hearing on Plaintiff's motion to amend the fee award and based, in part, on arguments of counsel, increased the hourly rate for fees in social security cases from $100 to $125.00 per hour.  Therefore, it is difficult for Atkins to claim at this time that the prevailing market rate is significantly higher that the amount she sought less than five months ago.

## III.

The Plaintiff's counsel, Julie Atkins, has failed to meet her burden of establishing that she is entitle to assert a claim for attorney fees based on an hourly rate exceeding $125.00 per hour.   Accordingly, it is hereby

**ORDERED** that the motion for attorney fees of $8,500.00 (68 hours x 125.00 per hour) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Record No. 16] is **GRANTED**. The Plaintiff's motion for expenses of $805.00 [Record No. 16] is also **GRANTED**.  The motion for attorney fees exceeding $8,500.00 [Record No. 16] is **DENIED**.

This 31st day of December, 2009.

Signed By:

_Danny C. Reeves_   DCR

**United States District Judge**

-6-